1

2

3

4

UNITED STATES DISTRICT COURT

5

FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7

TRAVARIS AMPS,

Case No.  1:23-cv-01256-ADA-BAM

8

Plaintiff,

FINDINGS AND RECOMMENDATIONS
REGARDING DISMISSAL OF ACTION FOR
FAILURE TO OBEY A COURT ORDER

9

v.

10

NATHAN MAGSIG,

(Doc. 2)

11

Defendant.

**FOURTEEN-DAY DEADLINE**

12

13        Plaintiff Travaris Amps, proceeding *pro se*, filed the instant civil action August 22, 2023.

14   (Doc. 1.)  On August 23, 2023, Plaintiff was directed to submit an application to proceed *in forma*

15   *paupers* or pay the $402.00 filing fee within thirty (30) days of service of the Court's order.

16   (Doc. 2.)  Plaintiff was warned that failure to comply with the Court's order would result in a

17   recommendation for dismissal of this action. (*Id.*)  More than thirty days have passed since

18   service of the Court's order and Plaintiff has not filed an application to proceed *in forma*

19   *pauperis*, paid the filing fee, or otherwise complied with the Court's order.[1]

20        Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

21   any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

22   within the inherent power of the Court."  District courts have the inherent power to control their

23   dockets and "[i]n the exercise of that power they may impose sanctions including, where

24   appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986).  A

25   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

26   failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46

27

---

28   [1] Plaintiff filed a notice with this Court on August 24, 2023.  (Doc. 3.)  The notice is unrelated to the
Court's directive to pay the filing fee or submit an application to proceed *in forma pauperis*.

1

1    F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,*

2    963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

3    amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987)

4    (dismissal for failure to comply with court order).

5         In determining whether to dismiss an action, the Court must consider several factors: (1)

6    the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

7    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

8    cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

9    F.2d 1421, 1423 (9th Cir. 1986); *see also In re Phenylpropanolamine (PPA) Products Liability*

10   *Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to

11   comply with court orders).  These factors guide a court in deciding what to do and are not

12   conditions that must be met in order for a court to take action.  *In re Phenylpropanolamine (PPA)*

13   *Products Liability Litigation*,460 F.3d at 1226 (citation omitted).

14        A civil action may not proceed absent the submission of either the filing fee or an

15   application to proceed *in forma pauperis*.  28 U.S.C. §§ 1914, 1915.  As Plaintiff has failed to pay

16   the filing fee, file the proper application to proceed *in forma* pauperis, or respond to the Court's

17   order, the Court is left with no alternative but to dismiss this action.  This action can proceed no

18   further without Plaintiff's cooperation and compliance with the Court's order.  Moreover, the

19   matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's

20   compliance.

21        Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED, without

22   prejudice, for Plaintiff's failure to comply with the Court's order, failure to pay the filing fee or

23   submit the proper application to proceed *in forma pauperis*, and failure to prosecute this action.

24        These Findings and Recommendations will be submitted to the United States District

25   Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after

26   being served with these findings and recommendations, Plaintiffs may file written objections with

27   the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

28   Recommendations."  Plaintiffs are advised that the failure to file objections within the specified

2

1   time may result in the waiver of the "right to challenge the magistrate's factual findings" on

2   appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923

3   F.2d 1391, 1394 (9th Cir. 1991)).

4

5   IT IS SO ORDERED.

6      Dated:   **October 10, 2023**          /s/ *Barbara A. McAuliffe*      _

7                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28